**Gary Curtis LAMPLEY,**
**Plaintiff–Appellee,**

v.

**GOVERNMENT OF GUAM,**
**Defendant–Appellant.**

**Civ. No. CV 94–00034A.**

District Court of Guam,
Appellate Division.

Argued and Submitted Feb. 14, 1995.

Decided Feb. 16, 1995.

Michael F. Phillips, Phillips & Bordallo, P.C., Agana, GU, for plaintiff-appellee.

Calvin Halloway, Atty. Gen. of Guam by Amy Brothers, Asst. Atty. Gen., Civ. Litigation Div., Agana, GU, for defendant-appellant.

Before: JOHN S. UNPINGCO, District Judge, ALFRED T. GOODWIN[1], Circuit Judge, and ALEX R. MUNSON[2], District Judge.

GOODWIN, Circuit Judge:

The government appeals a $270,000 judgment awarded the plaintiff in a bench trial under the Guam Government Claims Act.

During the night of July 3, 1987, Gary Lampley consumed a quantity of beer at a carnival, and while driving toward home, narrowly missed sideswiping a police officer who was writing a ticket for a parked motorist. The officer gave chase, and after stopping Lampley, had some difficulty getting him to exit his car. Eventually Officer John T. Davis arrested Lampley for reckless driving, impounded his Datsun, and took him to the Tamuning Precinct substation. Lampley was not cited for driving under the influence of intoxicants, nor was he cited for his failure to produce a driver's license and evidence of the registration of his car. Although the officers did not believe that he was drunk enough to be charged with driving while intoxicated, they did not believe he should drive home. The officers told Lampley to wait at the police station for a squad car to take him home.

There was evidence that Lampley was known to the officers, and that this was not his first detention. Lampley grew tired of waiting for a police car to take him home, the officers being busy with early morning emergencies at the beginning of a holiday, and he struck out for home afoot.

Lampley did not reach home that morning, but suffered a broken leg when a police officer on the way to work on his official motorcycle ran into him while he was crossing San Vitores Road. One fact that sets this case apart from the ordinary negligence claim against a police department for turning an allegedly intoxicated arrested person loose too soon is that there is no third party defendant who also can be charged with negligence to complicate matters for the trier of fact. A good part of the record is taken up with testimony about how fast the motorcycle was going and what the skid marks suggested to expert witnesses. There is abundant evidence to support the trial judge's findings that the police department was negligent and that Lampley was contributorily negligent.

Here the plaintiff claimed two acts of police negligence: (1) letting the plaintiff get away from the police station to wander around at night after having ingested some unknown volume of alcohol, and (2) running into him with a police vehicle and breaking his leg. The trial court found the police to be negligent on both counts, and found that the negligence of the police was a proximate cause of Lampley's injuries. The court then set about awarding damages. Finally, the court calculated the percentage of fault chargeable to the plaintiff for his own negligence.

Although we have serious doubts whether the police had a duty to detain Lampley at the station, to prevent his exercise of self help, we need not reexamine the trial court's finding that the police were negligent in this respect. There was ample evidence to support the trial court's finding that the police were negligent in striking Lampley with a motorcycle. The police accordingly are liable, at least in part, for Lampley's injuries whatever duty the police may or may not have undertaken to protect Lampley from himself.

This leaves the only real issues in the case: The amount of damages and the trial court's curious decision that the government of Guam was 90 per cent responsible for Lampley's difficulties.

We have searched the two volumes of testimony in vain for any substantial evidence that Lampley suffered future lost wages, future pain, or future medical expenses (except for such minor pain, cost, and inconvenience as would be associated with removing metal pins and appliances that had been placed in his leg to assist healing). Nevertheless, the trial court calculated

---

1. The Honorable Alfred T. Goodwin, Senior Judge, U.S. Court of Appeals for the Ninth Circuit, sitting by designation.

2. The Honorable Alex R. Munson, District Judge, U.S. District Court for the Northern Mariana Islands, sitting by designation.

Lampley's total damages at $300,000 and then found that Lampley was ten per cent at fault and that the police department was 90 per cent at fault. This formula resulted in a finding by the trial court that Lampley's damages of $300,000 should be reduced by ten percent for a net recovery of $270,000. In this calculation, the trial court plainly erred.

As noted, there was no evidence to support any award for future losses. The evidence was undisputed that Lampley had returned to his former employment as a heavy equipment operator. He testified that he was not receiving medical treatment, and that he was able to perform most if not all of the physical exercises he had been able to perform before the accident. On this record, the damage award must be vacated, reconsidered, and amended downward to find a reasonable amount that would compensate Lampley for his actual losses of income and actual pain and suffering, without allowance for unproved future loss.

■ Moreover, there is no evidence in the record to support the assignment of 90 per cent of the fault in the actual causation of the accident to the police department in the face of the uncontradicted evidence that Lampley voluntarily placed himself in harm's way. It was Lampley, not the police, who chose the time and manner in which he slipped away from the police station to wander about in the early morning darkness and traffic.

No police officer participated in causing Lampley's state of disability, whatever it was. No police officer turned Lampley out into the street. He left of his own free will. No police officer encouraged Lampley to jaywalk or linger in the street despite the approach of an oncoming vehicle.

One police officer, who was identified only as having curly hair was said, by Lampley, to have told him that it didn't look like his ride was going to be available for awhile, because all the cars were out on emergency calls, so he should go on home on his own. This advice, Lampley said, caused him to begin his ill-fated pedestrian journey through a part of town with which he admitted familiarity.

The trial court thought that the curly-headed policeman's advice was negligent under the circumstances, a matter upon which reasonable minds might differ. But even so, to make from this record a finding that the police were responsible for 90 per cent of Lampley's loss tends to defy logic and common sense.

We are aware of the deferential review that appellate courts must give facts found by a trial court. *Salas v. Hanil Development Co., Ltd.*, 1993 WL 128224 (D.Guam App.Div.) (apportionment of fault is a question of fact left to the discretion of the fact-finder); *Guam v. Chargualaf*, 1989 WL 265040 (D.Guam App.Div.) (factual determinations reviewed for clear error). The trial court's decision in this case reveals clear error. Accordingly, we remand the case to the Superior Court for the entry of a modified judgment that will be fair to both the plaintiff and the Government of Guam. If there is a further appeal following the entry of a reasonable judgment reapportioning the fault in accordance with the evidence, and reducing the damages to eliminate unsupported assumptions about future losses, this panel will retain jurisdiction of the appeal.

The judgment is vacated and the cause is remanded for recomputation of the judgment.